## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SHIRLEY M. MILES,**<br>    **3304 Old Dominion Blvd.**<br>    **Alexandria, Virginia 22305**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**HILLARY RODHAM CLINTON,**<br>    **Secretary of State**<br>    **2201 C St., NW**<br>    **Washington, DC 20520,**<br><br>        **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)          **Civ. Action No.**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

## PRELIMINARY STATEMENT

1.)     This is an action by plaintiff, Shirley M. Miles, an African American woman who is the GS-14 Director of Internal Review and Operations Research ("IROR") in the Overseas Building Operations ("OBO") Bureau at the U.S. Department of State.

2.)     Ms. Miles's case arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16, and seeks redress for defendant's interference with a promotional opportunity by withdrawing a pending request to reclassify her position at the GS-15 grade level, as well as other discriminatory and retaliatory adverse employment actions and materially adverse actions including changing plaintiff's reporting structure to place her four levels down within the organization; removing materially significant job duties and responsibilities; removing her supervisory duties; refusing to assign her and her office work; preventing her from filling vacancies on her staff; denying her cash awards; issuing her

performance appraisals that did not accurately reflect her performance; and harming her future chances of promotion.

3.)      To remedy these and other unlawful actions, plaintiff seeks: a.) a declaration that defendant unlawfully subjected her to discrimination on account of her race (African American), sex (female), race plus sex, and retaliation; b.) an upgrade in her position from GS-14 to GS-15 along with an award of backpay, benefits, and lost bonus payments; c.)  reassignment of plaintiff to a non-hostile work environment; d.) record correction to change her performance appraisal for Fiscal Year 2009 from "fully satisfactory" to "outstanding," plus backpay, bonus, and/or cash awards commensurate with the higher rating; e.) compensatory damages; and f.) an award of her attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

4.)      Plaintiff, Shirley M. Miles, is and was at all times relevant to this Complaint employed by the State Department Overseas Building Operations Bureau ("OBO") as the GS-14 Director of the Internal Review and Operations Research ("IROR").  She is an African American woman who participated in protected EEO activity when she filed the EEO complaint on which this action is based.

5.)      Defendant Hillary Rodham Clinton is the Secretary of State and as such is the official who heads the U.S. Department of State, of which the OBO is a part.  The OBO employs plaintiff and engaged in the acts of discrimination and retaliation that are the subjects of this action.  Defendant is sued in her official capacity only.

6.)      Jurisdiction of this Court is based upon 28 U.S.C. §1332, and 42 U.S.C. §2000e-16 (incorporating by reference 42 U.S.C. §2000e-5(c)).   Venue lies in this judicial district pursuant to 42 U.S.C. §2000e-16 (incorporating by reference 42 U.S.C. §2000-5(f)(3)), because

the senior manager ultimately responsible for the actions against plaintiff, Patrick Kennedy, is stationed at the agency's Headquarters office in Washington, D.C., and plaintiff's permanent personnel file is located here.

## STATEMENT OF THE CASE

7.)     In 2002, plaintiff joined the OBO, whose mission is to "provide safe, secure, and functional facilities for the conduct of U.S. diplomacy and the global promotion of U.S. interests."[1]  She was hired as the GS-14 Director of IROR, and reported to the Director of OBO at the first level from 2002 through 2007.  During that time, IROR operated as an independent office, and was not under the direction of any other OBO directorate.

8.)     The function of IROR is to independently review the various directorates of OBO to ensure that they are operating efficiently and are effectively administering the Bureau's multi-billion dollar budget.

9.)     Under plaintiff's leadership, IROR has uncovered multiple instances of waste and abuse and saved American taxpayers hundreds of millions of dollars.   Until the events underlying this Complaint took place, her performance routinely was rated at the "outstanding" level.

## Interference with Promotional Opportunity to GS-15

10.)     In November of 2007, plaintiff's previous supervisor, Charles Williams (African American male), submitted a request to the agency's Human Resources Division asking that Ms. Miles's position be reclassified at the GS-15 grade level due to the nature of the management duties she was performing and the duties she was supervising.

---

[1]   http://oig.state.gov/documents/organization/109074.pdf  (webpage checked on December 7, 2010).

11.)     That request was still pending when Mr. Williams left his position as Director of OBO in December of 2007.

12.)     In January of 2008, Richard Shinnick (Caucasian male) assumed the Director position.

13.)     Although Mr. Shinnick initially professed support for upgrading plaintiff's position, he later withdrew the reclassification request and informed plaintiff that she would have to re-submit the package, along with a new draft Position Description, once her office was moved under the Resource Management ("RM") Directorate.  As explained below, this move to RM was orchestrated by Mr. Shinnick, and resulted in a significant reduction in plaintiff's duties, responsibilities, and supervisory authority.

14.)     Ultimately, on August 31, 2009, Mr. Shinnick and Jurg Hochuli (Caucasian male) reassigned plaintiff to a new Position Description at the GS-14 level that did not include expanded or enhanced duties of the sort that would support a reclassification to GS-15.  Plaintiff did not learn about the reassignment to the new PD until December of 2009.  Today, her position remains at the GS-14 grade level.

15.)     The other managers who reported to the Director of OBO prior to Shinnick's tenure all remained at the GS-15 or SES grade levels after he took over.  The majority of them were Caucasian men.  Plaintiff was the only African American woman at that level of management, and the only Director who formerly reported to the OBO Director who is now at the GS-14 grade level.

**Additional Adverse Employment Actions**

**Material Change in Supervisory Reporting Structure**

16.)     In August of 2008, Mr. Shinnick undertook a reorganization of the OBO. Through that process, IROR was moved under the supervision of Ramsay Stallman (Caucasian male), the Deputy Managing Director for Resource Management.  Accordingly, two layers of supervision were added between plaintiff and Mr. Shinnick (the OBO Director) where previously there were none.  As a result, IROR lost its status as an independent office.

17.)     After the reorganization, plaintiff reported to Mr. Stallman at the first-level and Jorg Hochuli (Caucasian male), the Managing Director for Resource Management, at the second level.

18.)     Although Mr. Shinnick assured plaintiff that the move would allow IROR to play an expanded and enhanced role within the Bureau, including conducting more complex reviews, in actuality the exact opposite occurred: IROR suffered a significant reduction in its workload.

19.)     In March of 2009, IROR was moved down another level in the organization when plaintiff was instructed to begin reporting to Isaias Alba (Caucasian male), the head of the Office of Policy and Program Analysis.  As a result of that restructuring, plaintiff had three layers of management between her and the OBO Director.  Moreover, Mr. Alba delegated the assignment of IROR's work to a Supervisory Program Analyst who was junior to plaintiff.

20.)     Through these reorganizations, plaintiff's material job responsibilities were significantly diminished.  She lost much of the supervisory control over her office and no longer is considered a senior manager.  Indeed, an organizational chart from March 19, 2009 lists her as "IR Staff."

21.)     She also lost much of the professional exposure that she enjoyed as a senior manager.  For example, she has been prohibited from attending the senior staff meetings and cross-cutting meetings which she attended from 2002 to 2007.  As a result, her future opportunities for promotion have been harmed.

22.)     Her administrative assistant was reassigned to work for Mr. Stallman and plaintiff soon will be ousted from her current office and placed in a much smaller work space.

23.)     None of plaintiff's former peers suffered similar consequences as a result of the reorganization.  On the contrary, they were given the enhanced titles of Deputy Managing Directors and continued to report to Mr. Shinnick at the first level.  Several of them gained significant job duties as well.  Among them, plaintiff was the only African American woman.

### Removal of Authority to Hire

24.)     Prior to the August 2008 and March 2009 reorganizations, plaintiff had seven subordinates under her supervision and was authorized to have a total of nine.

25.)     Since then, plaintiff has lost some of those employees through attrition; however, she has not been permitted to fill the resulting vacancies.

26.)     Presently she has only two subordinates, even though agency policies require supervisors to have at least six.  By contrast, the other Directors have been able to hire and maintain their staffing levels.

### Removal of Duties and Assignments

27.)     Until Mr. Shinnick took over as Director of OBO, IROR routinely performed complex reviews of the OBO directorates to ensure that they were operating in a cost effective and efficient manner in their provision of support and funding to building facilities abroad. IROR analyzed how the directorates were managing their budgets; confirmed that the resources

were spent in the way they were intended; and conducted project reviews to identify any impediment to accomplishing goals.

28.)     In an average year, plaintiff's office conducted between 7 and 13 complex reviews as well as other, lower-level reviews.

29.)     Since Mr. Shinnick became OBO Director and IROR was placed in the Resource Management Directorate,[2] the office has been assigned almost no complex reviews to perform. In Fiscal Year 2010, the *only* complex review that IROR was assigned was the Federal Managers Financial Integrity Act Management Controls Review, which is mandated by statute.

30.)     Reviews that previously would have been conducted by plaintiff's office are now being assigned to one of her former subordinates, Ken Feng (Asian male) who was transferred to work directly for Mr. Alba.

31.)     Plaintiff has even been prevented from carrying out duties related to the development of performance measurements for OBO - duties listed in her new Position Description – because Mr. Alba has prohibited her from communicating with the Strategic Planning and Programming Office at Headquarters.

### Denial of Cash Awards and Mischaracterization of Plaintiff's Performance

32.)     Despite the fact that IROR uncovered major waste and abuse in a technical security service contract and saved the State Department over $300 million dollars, plaintiff did not receive any performance awards or cash bonuses for her work.  In 2008, the year in which the award would have been given, Mr. Shinnick instructed plaintiff to draft an award justification, but did not give her the award.

---

[2] In May of 2009 Adam Namm took over as Director of OBO, and has continued the same practices toward plaintiff that were initiated by Mr. Shinnick.

33.)    On information and belief, several of the other directors in OBO who are outside of plaintiff's protected groups have received cash awards for less significant accomplishments.

34.)    Not only has the agency failed to recognize plaintiff's superb performance, it has negatively mischaracterized it.  Each year from the beginning of her employment with OBO until Fiscal Year ("FY") 2008, plaintiff's performance was rated at the "outstanding" level.  That changed in FY 2008 when, for the first time, she received an initial performance appraisal at the "fully satisfactory" level – one step above a failing grade.[3]

35.)    On March 18, 2010, plaintiff received another appraisal at the "fully satisfactory" level, even though she had not been given a performance plan, a mid-year review, or any significant work assignments during the performance year.

## PLAINTIFF'S EXHAUSTION OF ADMINISTRATIVE REMEDIES

36.)    Plaintiff timely initiated the informal administrative EEO complaints process, and on March 25, 2009, filed a formal complaint concerning the employment actions that comprise the subject matter of this action.

37.)    In her formal complaint of discrimination, the informal administrative process that preceded it, the administrative investigation, and her requests to amend before the EEOC, plaintiff timely challenged all of the employment actions that are the subjects of this action.

38.)    On October 2, 2009, plaintiff requested a hearing before the Equal Employment Opportunity Commission over the administrative complaint that forms the basis of this action (No. DOS-F-056-09).  Before the close of discovery in that case, plaintiff withdrew her request for a hearing and requested a remand to the agency.  On September 10, 2010, the Administrative

---

[3] Plaintiff submitted a written rebuttal to that appraisal, and ultimately it was upgraded to "outstanding."

Judge remanded her case to the agency for further processing.  As of this date, the agency has not issued a Final Agency Decision.

## COUNT I – RACE DISCRIMINATION

39.)    Plaintiff repeats the allegations contained in paragraphs 1 through 38 above, as though fully set forth here.

40.)    Defendant prevented plaintiff from being promoted to GS-15 when it withdrew the position reclassification package that had been submitted in November of 2007 by her previous supervisor, and reassigned her to a GS-14 Position Description that did not include the type of enhanced duties that would have supported promotion to GS-15.

41.)    Additionally, defendant subjected plaintiff to one or more adverse employment actions when it restructured OBO and placed three new layers of supervision between plaintiff and the OBO Director; removed plaintiff's job duties, including some of her supervisory duties; reclassified her as "staff;" failed to give IROR adequate work; prevented plaintiff from filling vacancies in IROR; prohibited her from attending senior management meetings; transferred the work of IROR to a former subordinate of plaintiff's; reassigned plaintiff's administrative assistant; denied plaintiff deserved cash awards; mischaracterized plaintiff's performance in her annual appraisals; removed privileges associated with being a senior manager; and harmed her opportunities for future promotion.

42.)    In taking the foregoing actions, defendant materially and adversely altered the terms, conditions, and privileges of plaintiff's employment and plaintiff's future employment opportunities, both within and outside of OBO.

43.)    Defendant's actions were based on her race, which is African American, and were taken either as pretexts to discrimination or as a result of defendant's mixed motives, at least one of which was discrimination.

44.)    Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16 (incorporating by reference 42 U.S.C. §2000e-2)), in taking the foregoing actions.

45.)    Defendant's violation of plaintiff's civil rights caused her to suffer emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, harm to her professional advancement, and loss of enjoyment of life.

## COUNT II – SEX DISCRIMINATION

46.)    Plaintiff repeats the allegations contained in paragraphs 1 through 45 above, as though fully set forth here.

47.)    Defendant prevented plaintiff from being promoted to GS-15 when it withdrew the position reclassification package that had been submitted in November of 2007 by her previous supervisor, and reassigned her to a GS-14 Position Description that did not include the type of enhanced duties that would have supported promotion to GS-15.

48.)    Additionally, defendant subjected plaintiff to one or more adverse employment actions when it restructured OBO and placed three new layers of supervision between plaintiff and the OBO Director; removed plaintiff's job duties, including some of her supervisory duties; reclassified her as "staff;" failed to give IROR adequate work; prevented plaintiff from filling vacancies in IROR; prohibited her from attending senior management meetings; transferred the work of IROR to a former subordinate of plaintiff's; reassigned plaintiff's administrative assistant; denied plaintiff deserved cash awards; mischaracterized plaintiff's performance in her

annual appraisals; removed privileges associated with being a senior manager; and harmed her opportunities for future promotion.

49.)    In taking the foregoing actions, defendant materially and adversely altered the terms, conditions, and privileges of plaintiff's employment and plaintiff's future employment opportunities, both within and outside of OBO.

50.)    Defendant's actions were based on her sex, which is female, and were taken either as pretexts to discrimination or as a result of defendant's mixed motives, at least one of which was discrimination.

51.)    Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16 (incorporating by reference 42 U.S.C. §2000e-2)), in taking the foregoing actions.

52.)    Defendant's violation of plaintiff's civil rights caused her to suffer emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, harm to her professional advancement, and loss of enjoyment of life.

## COUNT III – RACE PLUS SEX DISCRIMINATION

53.)    Plaintiff repeats the allegations contained in paragraphs 1 through 52 above, as though fully set forth here.

54.)    Defendant prevented plaintiff from being promoted to GS-15 when it withdrew the position reclassification package that had been submitted in November of 2007 by her previous supervisor, and reassigned her to a GS-14 Position Description that did not include the type of enhanced duties that would have supported promotion to GS-15.

55.)    Additionally, defendant subjected plaintiff to one or more adverse employment actions when it restructured OBO and placed three new layers of supervision between plaintiff

and the OBO Director; removed plaintiff's job duties, including some of her supervisory duties; reclassified her as "staff;" failed to give IROR adequate work; prevented plaintiff from filling vacancies in IROR; prohibited her from attending senior management meetings; transferred the work of IROR to a former subordinate of plaintiff's; reassigned plaintiff's administrative assistant; failed to recognize plaintiff's performance through cash awards; mischaracterized plaintiff's performance in her annual appraisals; removed privileges associated with being a senior manager; and harmed her opportunities for future promotion.

56.)    In taking the foregoing actions, defendant materially and adversely altered the terms, conditions, and privileges of plaintiff's employment and plaintiff's future employment opportunities, both within and outside of OBO.

57.)    Defendant's actions were based on her race (African American) plus her sex (female), and were taken either as pretexts to discrimination or as a result of defendant's mixed motives, at least one of which was discrimination.

58.)    Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16 (incorporating by reference 42 U.S.C. §2000e-2)), in taking the foregoing actions.

59.)    Defendant's violation of plaintiff's civil rights caused her to suffer emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, harm to her professional advancement, and loss of enjoyment of life.

## COUNT IV – REPRISAL (TITLE VII)

60.)    Plaintiff repeats the allegations contained in paragraphs 1 through 59 above, as though fully set forth here.

61.)    Defendant prevented plaintiff from being promoted to GS-15 when it withdrew the position reclassification package that had been submitted in November of 2007 by her previous supervisor, and reassigned her to a GS-14 Position Description that did not include the type of enhanced duties that would have supported promotion to GS-15.

62.)    Additionally, defendant subjected plaintiff to one or more adverse employment actions when it removed plaintiff's materially significant job duties, including some of her supervisory duties; failed to give IROR adequate work; prevented plaintiff from filling vacancies in IROR; transferred the work of IROR to a former subordinate of plaintiff's; failed to give plaintiff work elements, a performance plan, or a mid-year review; prevented plaintiff from carrying out her job duties; and mischaracterized plaintiff's performance in her annual appraisals.

63.)    Defendant's actions were based on reprisal and were taken either as pretexts to retaliation or as a result of defendant's mixed motives, at least one of which was retaliation, for plaintiff's initiation of the administrative discrimination complaints process on or about March 25, 2009, and pursuing that process.

64.)    Defendant violated the "participation clause" of Title VII of the Civil Rights Act, 42 U.S.C. §2000e-16 (incorporating by reference 42 U.S.C. §2003-3(a)), by retaliating against plaintiff in the manner described above.

65.)    Defendant's violation of plaintiff's civil rights caused her to suffer emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, harm to her professional advancement, and loss of enjoyment of life.

## **PRAYER FOR RELIEF**

Wherefore, plaintiff Shirley M. Miles respectfully requests that the Court enter judgment

in her favor and award her the following relief.

A.      An Order declaring that defendant violated plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16, and restraining and enjoining defendant from further violations.

B.      Retroactive promotion to GS-15.

C.      Backpay and benefits.

D.      Record correction.

E.      Compensatory damages in an amount to be determined at trial to compensate plaintiff for the emotional pain, embarrassment, humiliation, mental anguish, inconvenience, career loss, loss of professional reputation and career opportunities, and loss of enjoyment of life caused by defendant's unlawful actions.

F.      The attorneys' fees and costs incurred by plaintiff.

G.      Such other relief as may be just and appropriate.

## JURY DEMAND

Plaintiff requests a trial by jury of all issues so triable.

Respectfully submitted,

/s/

_____
Robert C. Seldon, Esq.
D.C. Bar No. 245100

14

/s/
_____
Molly E. Buie, Esq.
  D.C. Bar No. 483767
Robert C. Seldon & Associates, P.C.
1319 F Street, N.W.
Suite 200
Washington, D.C.  20004
(202) 393-8200
Counsel for Plaintiff